PJR/tab                    Attorney Code:  141              Our File No. 5574-25358

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IRENE HERNANDEZ, Special Administrator, Of the Estate of IGNACIO G. OCHOA, deceased, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF OAK FOREST, ILLINOIS and AS YET UNNAMED DEFENDANTS, <br><br> Defendants. | ) ) ) ) No. 07 CV 6542 ) ) **Judge Gottschall** ) ) ) ) ) ) ) |

### DEFENDANT'S MOTION TO DISMISS

NOW COMES the Defendant, CITY OF OAK FOREST, by its attorneys, Dowd & Dowd, Ltd., and pursuant to FRCP 12(b)(6), moves this court for entry of an order dismissing Count III of the plaintiff's complaint. In support thereof, the defendant states as follows:

1.     Plaintiff's complaint comprises three counts, two of which are brought pursuant to state law while the third count purports to allege a violation of 42 U.S.C. Section 1983. A review of Count III shows that it is both factually and legally deficient and should be dismissed pursuant to FRCP 12(b)(6).

2.     A municipal is liable under *Monell* if its policy or custom is the "moving force" behind the constitutional violation. Board of Commissioners v. Brown, 520 U.S. 397, 400, 117 S.Ct.1382 (1997). In order to hold a municipal liable under Section 1983, a plaintiff must establish (1) a violation of his constitutional rights; (2) the existence of a municipal policy or custom; and (3) a "direct causal link" between the policy or custom and his injury. Id. at 403-404; City of Oklahoma v. Tuttle, 471 U.S. 808, 817, 105 S.Ct.2427 (1985).

3.      In Monell v. New York City Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018 (1978), the United States Supreme Court held that municipalities may not be held liable under 42 U.S.C. Section 1983 solely on a theory of respondeat superior. The 7th Circuit has repeatedly held that respondeat superior has absolutely no application to 1983 actions. See E.G. Harris v. Greer, 750 F.2d 617, 618 (7th Cir.1984); Magaynes v. Terrance, 739 F.2d 1131, 1134 (7th Cir.1984); Powe v. City of Chicago, 664 F.2d 639, 649 (7th Cir.1985).

4.      In Count III, Hernandez alleges that certain "yet unknown defendants" were acting as employees and/or agents of the City of Oak Forest and acting under color of law (See paragraph 14 of Plaintiff's complaint attached hereto as Exhibit A).  It is obvious that Hernandez's 1983 claim against the Village was based on a respondeat superior theory.  As such, Count III fails to state a claim upon which relief may be granted and should be dismissed.

5.      To survive a Rule 12(b)(6) motion, a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief.  Nevertheless, the courts of this circuit recognize that a party may plead him or herself out of court by alleging facts that establish Defendants' entitlement to prevail.  See Bennett v. Schmidt, 153 F.3d 516, 518 (7th Cir.1998).

6.      By claiming that the city's liability is based on respondeat superior, Plaintiff has pled herself out of court with respect to her putative municipal liability claim.

WHEREFORE, the defendant prays that this court enter an order dismissing Count III of the complaint and for any additional relief the court deems proper.

                                      Respectfully submitted,
                                      DOWD & DOWD LTD.

                         By:   /s/ Patrick J. Ruberry
                              Attorney for Defendant, CITY OF OAK FOREST

Patrick J. Ruberry
Dowd & Dowd, Ltd.
617 West Fulton Street
Chicago, IL 60661
Tele:   (312) 704-4400
Fax:    (312) 704-4500

**CERTIFICATE OF SERVICE**

I, an attorney, state that the Defendant's Motion to Dismiss was served electronically to all law firms of record via ECF on January 16, 2008.

                By:    /s/ Patrick J. Ruberry_____
                        Attorney for Defendant,
                        CITY OF OAK FOREST

Patrick J. Ruberry
Dowd & Dowd, Ltd.
617 W. Fulton Street
Chicago, IL  60661
Tx:  312/704-4400
Fx:  312/704-4500