IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IRENE HERNANDEZ, | ) | |
| Special Administrator of the Estate of | ) | |
| IGNACIO G. OCHOA, deceased, | ) | No. 07-6542 |
| | ) | |
| Plaintiff, | ) | Judge Gottschall |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF OAK FOREST, ILLINOIS , | ) | |
| OFFICERS BELCHER, STAR 154; | ) | |
| DAMBRIOSIO, STAR 156; | ) | |
| BELCHER, STAR 154; AND | ) | |
| OFFICER DUSEK, STAR 166. | ) | |
| | ) | |
| Defendants. | ) | |

FIRST AMENDED COMPLAINT

Plaintiff, by and through her attorney, alleges as follows:

COUNT I – WRONGFUL DEATH

1. Irene Hernandez is the duly appointed Special Administrator of the Estate of Ignacio G. Ochoa.

2. The plaintiff's decedent was a resident of Cook County, Illinois, born on September 22, 1952.

3. Defendant City of Oak Forest is a Municipal Corporation, organized and existing under and by virtue of the laws of the State of Illinois.

4. Officer Belcher, Star 154; Dambriosio, Star 156; and Belcher, Star 154, are or were at the time alleged herein police officers, lock-up keepers and other agents or employees of defendant Oak Forest.

5. On September 7, 2006, Ignacio G. Ochoa and his son Miguel Ochoa were arrested by the Oak Forest Police and taken to the Oak Forest police station.

6. At all times pertinent Ignacio Ochoa was suffering from heart disease and had undergone heart surgery.

7. While in custody, Ignacio Ochoa informed the Oak Forest Police, the lock-up keepers and other agents or employees of defendant Oak Forest, of his heart condition.

8. While in custody, Ignacio Ochoa requested that the Oak Forest Police, the lock-up keepers and other agents or employees of defendant Oak Forest provide him medical attention.

9. While in custody, Ignacio Ochoa showed the Oak Forest Police, the lock-up keepers and other agents or employees of defendant Oak Forest, documents that the decedent kept in his wallet certifying his heart disease.

10. At the time and place aforesaid, Oak Forest Police officers, the lock-up keepers and other agents or employees of defendant Oak Forest, asked Miguel Ochoa if his father's condition was serious.

11. Miguel Ochoa informed the Oak Forest Police officers, the lock-up keepers and other agents or employees of defendant Oak Forest, that his father's condition was serious.

12. At all times pertinent, paramedic personnel for the City of Oak Forest were housed in the same building as the Oak Forest Police Department.

13. At all times pertinent defendant City of Oak Forest, acting through its agents, servants and employees, knew or should have known that Ignacio Ochoa required immediate medical treatment.

14. Thereafter, Ignacio Ochoa suffered a heart attack while in the Oak Forest Police lock-up.

15.     At all times pertinent defendant City of Oak Forest, acting through its agents, servants and employees, had the duty to refrain from willful and wanton misconduct in connection with the custody of Ignacio Ochoa.

16.     Notwithstanding its duty in the premises, the City of Oak Forest was then and there guilty of the following willful and wanton acts or omissions:

    a.    failed to call paramedics;

    b.    failed to transport to hospital;

    c.    failed to provide life saving measures;

    d.    failed to train its police and lock-up personnel;

    e.    was otherwise willful and wanton in its conduct.

17.     As a direct and proximate result of one or more of the foregoing willful and wanton acts or omissions of the defendant City of Oak Forest, Ignacio Ochoa did not receive prompt, adequate and necessary medical treatment, which failure to provide medical treatment resulted in his death on September 11, 2006.

WHEREFORE, plaintiff Irene Hernandez, Special Administrator of the Ignacio G. Ochoa, deceased, prays for judgment in her favor against the City of Oak Forest and that she be awarded compensatory and such further relief as this Court deems just.

## COUNT II

(State Law Survival Claim)

18.     Plaintiff, Irene Hernandez, Special Administrator of the Estate of Ignacio G. Ochoa, deceased, states:

19.     Plaintiff repeats and realleges the foregoing paragraphs as though set forth verbatim herein.

20.     As a direct and proximate result of one or more of the foregoing willful and wanton acts or omissions of the defendants, Ignacio G. Ochoa was subjected to and endured horrible and agonizing pain, suffering and disability.

WHEREFORE, plaintiff Irene Hernandez, Special Administrator of the Estate of Ignacio G. Ochoa, deceased, prays for judgment in her favor against the City of Oak Forest and that she be awarded compensatory and such further relief as this Court deems just.

## COUNT III

(42 U.S.C. § 1983 Claim)

Plaintiff, Irene Hernandez, Special Administrator of the Estate of Ignacio Ochoa, deceased, states:

21.     Plaintiff repeats and realleges the foregoing paragraphs as set forth herein.

22.     Officer Belcher, Star 154; Dambriosio, Star 156; and Belcher, Star 154 are sued in this Count personally and in their personal capacities.

23.     At all pertinent times herein, defendants were acting as employees and/or agents of the City of Oak Forest, Illinois and acted under color of law.

24.     By being deliberately indifferent to Ignacio Ochoa's urgent need for medical attention, as yet known defendants violated his rights under the United States Constitution.

WHEREFORE, plaintiff Irene Hernandez, Special Administrator of the Estate of Ignacio G. Ochoa, deceased, prays for judgment in her favor against the individual defendants, and for

reasonable attorney's fees, punitive damages, costs, and expenses in bringing this lawsuit.

<u>JURY DEMAND</u>

Plaintiff demands trial by jury on all Counts.

                Respectfully submitted,

                /s/ David A. Cerda
                David A. Cerda
                Attorney for Plaintiff

David A. Cerda
440 North Wabash Avenue, Suite 4905
Chicago, Illinois 60611
Telephone: (312) 467-9100
Facsimile: (312) 467-9101
Email: dcerda@cerdalaw.com
ARDC # 6203954

<u>CERTIFICATE OF SERVICE</u>

      Under penalties as provided by law, the undersigned, an attorney, certifies that on June 20, 2008 the undersigned electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following attorneys pursuant to ECF:

| | |
|---|---|
| Philip F. Cuevas | pcuevas@dowdanddowd.com |
| Jeannine Stephanie Gilleran | jgilleran@dowdanddowd.com |
| Thomas A. Jacobson | tjacobson@dowdanddowd.com |
| Patrick John Ruberry | pruberry@dowdanddowd.com |

      Respectfully submitted,

      s/ David A. Cerda
      David A. Cerda
      Attorney for plaintiffs

David A. Cerda
Cerda Law Office
440 North Wabash Avenue, Suite 4905
Chicago, Illinois 60611
Telephone: (312) 467-9100
Facsimile: (312) 467-9101
Email: dcerda@cerdalaw.com
ARDC # 6203954